**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| _____ | ) | |
| JAMAAL KENNETH ABEOKUTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 21-cv-1431-LKG |
| v. | ) | |
| | ) | Dated:  June 30, 2022 |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

*Pro se* petitioner Jamaal Kenneth Abeokuto filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 conviction in the Circuit Court for Baltimore County, Maryland for first-degree murder, first-degree assault, extortion, kidnapping, and related charges.  ECF No. 1.  On September 20, 2021, respondent filed an answer asserting that the petition is time-barred under 28 U.S.C. § 2244(d).  ECF No. 14.  Petitioner responded (ECF No. 17) and thereafter filed a motion to grant the petition (ECF No. 15) and motions to amend (ECF Nos. 18, 22, 24).

There is no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; L.R. 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, the petition is dismissed, and a certificate of appealability shall not issue.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Following a bench trial in the Circuit Court for Baltimore County, petitioner was found guilty of first-degree murder, first-degree assault, kidnapping, and child kidnapping of his girlfriend's eight-year-old daughter; extortion; and wearing or carrying a dangerous weapon

openly with the intent to injure. *State of Maryland v. Jamaal Kenneth Abeokuto*, Case No. 03-K-03-002127 (Cir. Ct. for Balt. Cnty.), ECF No. 14-1 at 5.  On November 15, 2004, petitioner was sentenced to death for the murder conviction and to an additional term of 43 years' incarceration consecutive to the death sentence. *See Abeokuto v. State*, 893 A.2d 1018 (Md. 2006), ECF No. 14-1 at 78.  Through appointed counsel, petitioner sought direct appeal in the Court of Appeals of Maryland. *See id.*; *see also* Md. Code Ann. Crim. Art. § 2-401 (providing, at the time, direct review of death penalty cases by the Court of Appeals).  On February 13, 2006, the Court of Appeals affirmed the judgments but vacated the sentence and remanded the case for a new sentencing proceeding. *Id.*; ECF No. 14-1 at 151.  Following a multi-day hearing upon remand, a jury sentenced petitioner on May 8, 2007, to life without the possibility of parole for the murder conviction, to be served consecutively to any and all other sentences. *See Abeokuto v. Warden*, No. RDB-08-3203 (D. Md. 2009), ECF No. 14-1 at 153.

On May 15, 2008, petitioner sent a letter to this Court, complaining that his state post-conviction counsel was not timely pursuing state collateral remedies for his judgment of conviction. *See id.*  Petitioner's correspondence was construed as a "habeas corpus application," and was ultimately deemed as having been timely filed despite respondent's arguments to the contrary. *Id.* at 152-55.  Noting that petitioner had filed a *pro se* petition for post-conviction relief in state court on June 10, 2009, and that the state filing "may in fact have been sufficient to toll the one-year federal limitations period," this Court concluded that "dismissal of the [federal habeas] action without prejudice to refiling upon the completion of state postconviction is appropriate." *Id.* at 156-57.

On November 23, 2010, petitioner moved to amend his state petition for post-conviction relief.  ECF No. 14-1 at 13.  On September 27, 2011, he filed a motion to withdraw the petition, which was granted. *Id.*  On January 16, 2013, petitioner filed a new petition for post-conviction relief in state court. *Id.* at 14.  The matter was heard on August 26, 2019, and on April 13, 2020, the Circuit Court issued a Memorandum Opinion And Order denying the petition in its entirety. *Id.* at 15.

On May 8, 2020, petitioner filed an application for leave to appeal the denial of post-conviction relief with the Court of Special Appeals of Maryland. *Id.*  On May 25, 2021, the appellate court summarily denied the application. *Abeokuto v. State*, No. 279, Sept. Term 2020

(Md. Ct. Spec. App. May 25, 2021).

On June 1, 2021, petitioner filed his petition in this Court.  *See* ECF No. 1-2 at 2; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).  Petitioner asserts 22 grounds for habeas relief.  *See* ECF No. 1.  After receipt of respondent's answer, petitioner filed a motion to grant the petition as well as several motions to amend, seeking to add a claim of ineffective assistance of post-conviction counsel and arguing that he is entitled to equitable tolling.  ECF Nos. 15, 18, 22, 24.

## III.    ANALYSIS

The threshold issue in this case is the timeliness of the petition.  Only if the petition is timely may the Court reach the merits of petitioner's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court.  *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011).  Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The limitation period may also be subject to equitable tolling in appropriate cases.

*Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Here, petitioner's conviction became final on June 7, 2007, when the time for filing an application for leave to appeal from resentencing expired. *See* Md. Rule 8-204(b)(2)(A) ("the application shall be filed within 30 days after entry of the judgment or order from which the appeal is sought"). Petitioner thus had one year from that date, or until June 7, 2008, to file his federal habeas petition. He sent correspondence to this Court on May 15, 2008, which was construed as a timely-filed federal habeas petition. Because petitioner filed a petition for post-conviction relief in state court on June 10, 2009, this Court dismissed the habeas petition without prejudice, noting that the post-conviction petition may have been sufficient to toll the one-year federal limitations while the state petition was pending.

On September 27, 2011, however, petitioner withdrew his state petition and did not refile his state petition until over a year later, on January 16, 2013. Because the clock had already run out at the time of refiling, his federal habeas petition is time-barred under 28 U.S.C. § 2244(d).

In response to the argument that his petition was untimely filed, petitioner asserts that this Court has already previously determined that his petition is not time-barred. ECF No. 21. Petitioner also claims that he withdrew his state post-conviction petition on the erroneous advice of counsel, without knowing that it would hinder his ability to file a federal petition for habeas corpus relief. ECF No. 24.

Respondent correctly states that this Court's previous finding that the 2008 petition was timely is not dispositive here. *See* ECF No. 14 at 13-14. As to the latter, petitioner avers that his post-conviction counsel withdrew the state post-conviction petition and "clearly gave [him] incorrect advice" by stating that "(at the time) he was time-barred from filing a Federal Writ of Habeas Corpus." ECF No. 24 at 3. Counsel's advice was not erroneous, as petitioner had only until June 7, 2008, to file a federal habeas petition. Although his initial petition, filed on May 15, 2008, was timely, his subsequent petition was not.

In any event, from the exhibits attached by petitioner, it appears that he agreed to withdraw the state petition without prejudice "to allow for additional time to obtain transcripts . . . and to further investigate and research issues." ECF No. 24-1 at 5. Moreover, even if counsel incorrectly stated in his letter to petitioner dated November 28, 2011, that petitioner "may have

4

already past [sic] the one-year time limitation to file a federal habeas corpus petition when [he] filed [the] first State post conviction petition," counsel continued to advise petitioner as follows:

> However, if you believe you are still eligible to file a federal habeas corpus petition, and if you believe the running clock on that one-year time limitation needs to be stopped by refiling your state post conviction petition, then by all means refile your petition.  If you need to refile and if I still need additional time in which to obtain the transcripts, I will do my best to schedule any hearing as far out on the calendar as possible so as to allow the maximum amount of time possible to obtain those transcripts.  I certainly did not want to preclude any legal options that may be available to you by the previous withdraw [sic] of your post conviction petition. Therefore, if you believe you need to refile that petition, please do so.

ECF No. 24-1 at 3.  Thus, to the extent petitioner asserts that he is entitled to equitable tolling, he has not shown either that there was wrongful conduct by respondent that prevented him from filing on time, or that there were "extraordinary circumstances" beyond his control that prevented timely filing of a petition.  *Harris*, 209 F.3d at 330; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).[1]

The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Harris*, 209 F.3d at 330.  Ignorance of the law is not a basis for equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).  Thus, petitioner's *pro se* status does not excuse him from the requirements of Section 2244(d).  As petitioner has not stated a basis for equitable tolling, the petition shall be dismissed.

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a petition is denied on procedural grounds, the petitioner must show

---

[1] To the extent petitioner alleges that post-conviction counsel provided ineffective assistance, his claim fails as a matter of law because it is not cognizable.  For a claim of relief under presented under § 2254 to be cognizable for review, the petitioner must assert a violation of federal law.  *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *see also Mackall v. Angelone*, 131 F.3d 442, 447-48 (4th Cir. 1997) (noting that post-conviction relief is not part of the criminal proceeding itself and is not constitutionally required); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (applying rule that claims of error occurring in state post-conviction proceeding cannot serve as basis for habeas relief).

that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because petitioner fails to satisfy this standard, the Court declines to issue a certificate of appealability. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## IV.    CONCLUSION

In light of the foregoing, it is this 30th day of June, 2022, by the United States District Court for the District of Maryland, **ORDERED** that:

1. The petition for writ of habeas corpus is **DISMISSED**;

2. Petitioner's motion to grant the petition (ECF No. 15) is **DENIED**;

3. Petitioner's motions to amend (ECF Nos. 18, 22, 24) are **DENIED-as-MOOT**;

4. The Court declines to issue a Certificate of Appealability;

5. The Clerk shall **CLOSE** this case; and

6. The Clerk shall send a copy of this Memorandum Opinion and Order to petitioner and to counsel for respondent.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

6